**KING MOENCH & COLLINS**

A Limited Liability Partnership†

ATTORNEYS AT LAW

**PETER J. KING**◊
 PKing@kingmoench.com
**MATTHEW C. MOENCH\***
 MMoench@kingmoench.com
**MICHAEL L. COLLINS\***
 MCollins@kingmoench.com
_____

**NAKICHA T. JOSEPH**
 NJoseph@kingmoench.com

**Of Counsel**
**ROMAN B. HIRNIAK**
 RHirniak@kingmoench.com

◊ Certified by the Supreme Court of New Jersey as
a Municipal Court Attorney

\* Member of the Bar of New York

**51 GIBRALTAR DRIVE – SUITE 2F**

**MORRIS PLAINS, NEW JERSEY 07950-1254**

_____

**973-998-6860**

**Facsimile: 973-998-6863**

<u>**RED BANK OFFICE**</u>

**365 BROAD STREET, SUITE 4R**
**RED BANK, NEW JERSEY 07701**
_____

**732-546-3670**

July 27, 2022

<u>**VIA ECF**</u>
Patricia S. Dodszuweit, Clerk
U.S. Court of Appeals for the Third Circuit
601 Market Street
Philadelphia, PA 19106

      **RE:** *Lutter v. JNESO, et al.,* **Case NO. 21-2205**

Dear Ms. Dodszuweit:

      We write on behalf of Plaintiff pursuant to F.R.A.P. 28(j), to alert the Court to the decision in <u>Hoekman v. Educ. Minn.</u>, 21-1366, 2022 U.S. App. LEXIS 20355 (8th Cir. Jul. 25, 2022), where the Eighth Circuit held that an uncashed check did not moot the plaintiff's claims. This Court should similarly find that Lutter's claims are not moot.

      In October 2017, Plaintiff Piekarski submitted a request to change his union dues obligations to fair-share fees only. That request was ultimately not processed until August 2018, after it was resubmitted. The union subsequently sent Piekarski a check for the amount of dues in dispute, plus interest, but Piekarski refused to cash the check. The district court dismissed Piekarski's claims as moot based upon the receipt of the check.

      The Eighth Circuit rejected this argument holding:

            The union characterizes the check as an "actual payment" of the money that Piekarski seeks, but an

†Peter J. King, LLC, Moench Law, LLC & Collins Law, LLC

Patricia S. Dodszuweit, Clerk
July 27, 2022
Page 2

uncashed check is not materially different from an unaccepted offer of settlement. Unless the check is cashed, it "conveys only a hope that the bank account with have the promised funds." *Bais Yaakov of Spring Valley v. ACT, Inc.*, 12 F.4th 81, 94-95 (1st Cir. 2021). At bottom, a settlement offeree and the recipient of an uncashed check have the same thing: "a promise, but no funds." Id. at 94. The parties do not dispute that Piekarski refuses to cash the union's check, so his "interest in the lawsuit remains just what it was before." *Campbell-Ewald*, 577 U.S. at 162 (internal citations omitted). One might think that Piekarski has no right to litigation in federal court about whether he is entitled to relief that is already present for the taking, but that view was rejected in Campbell-Ewald. *See id.* at 182-84 (Roberts, C.J., dissenting). Therefore, Piekarski's claims are not moot.

While Plaintiff's arguments at oral argument were not limited solely to the status of the proffered settlement in check form, the facts of Hoekman are nearly identical to the case at bar, and this Court can similarly find that the union's uncashed check does not moot Lutter's claims.

Respectfully submitted,

**MACKINAC CENTER LEGAL**
**LEGAL FOUNDATION**

/s/ Patrick J. Wright
Patrick J. Wright

**KING MOENCH**
**& COLLINS, LLP**

/s/Matthew C. Moench
Matthew C. Moench

## **CERTIFICATE OF COMPLIANCE**

*Pursuant to Fed. R. App. P. 32(a)(7)(B), I certify the following:*

1.      This letter complies with the type-volume limitations of Fed. R. App. P. 28(j) because this brief contains 350 words.

2.      This letter complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportional spaced typeface using Microsoft Word in 14-point Times New Roman font.

*Pursuant to Local Rule 31.1(c), I certify the following:*

1.      This brief complies with the electronic filing requirements of Local Rule 31.1(c) because the text of this electronic brief is identical to the text of the paper copies, and the Windows Defender (Antimalware Client Version 4.18.2001.10) virus detection program has been run on the file containing the electronic version of this brief and no viruses have been detected.

KING, MOENCH, & COLLINS, LLP

July 27, 2022              */s/ Matthew M. Moench*
                          Matthew M. Moench
                          *Attorneys for Appellant*
                          *Jody Lutter*

†Peter J. King, LLC, Moench Law, LLC & Collins Law, LLC