

**State of New Jersey**

PHILIP D. MURPHY
*Governor*

SHEILA Y. OLIVER
*Lt. Governor*

OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
25 MARKET STREET
PO Box 116
TRENTON, NJ 08625-0116

MATTHEW J. PLATKIN
*Acting Attorney General*

MICHAEL T.G. LONG
*Director*

August 1, 2022

**VIA ECF**

Patricia S. Dodszuweit
U.S. Court of Appeals for the Third Circuit
601 Market Street
Philadelphia, PA 19106

      Re:    **Lutter v. JNESO, et al.,**
              **Case No. 21-2205**
              **FRAP 28(j) Response**

Dear Ms. Dodszuweit:

      Appellant's reliance on *Hoekman v. Education Minnesota*, No. 21-1366, 2022 WL 2913212 (8th Cir. July 25, 2022) is misplaced because *Hoekman* is not binding and its reasoning is inapplicable.

      First, the Eighth Circuit's determination that an uncashed check did not moot a damages claim was based exclusively on the assumption that an uncashed check represents only "a promise, but no funds." *Id.* at *4 (quoting *Bais Yaakov of Spring Valley v. ACT, Inc.*, 12 F.4th 81 (1st Cir. 2021)). But that is a question of state law, *see California v. San Pablo & T.R. Co.*, 149 U.S. 308, 313 (1893) (explaining that state law governs whether form of payment is "equivalent to an actual payment" for mootness analysis); N.J. Br. 23-24, and *Hoekmann* did not involve New Jersey law. As the State already explained, in New Jersey, a check is the "equivalent of cash" if the recipient could "immediately convert [it] into cash." *Abeles v. Guelick*, 137 A. 853, 855 (N.J. Ch. 1927); *see also Sickinger v. Zimel*, 77 A.2d 905, 907 (N.J. 1951). Whether Appellant was paid via cash, direct deposit, or check, her claims are moot, like the claims in *San Pablo*.



**State of New Jersey**

PHILIP D. MURPHY
*Governor*

SHEILA Y. OLIVER
*Lt. Governor*

OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
25 MARKET STREET
PO Box 116
TRENTON, NJ 08625-0116

MATTHEW J. PLATKIN
*Acting Attorney General*

MICHAEL T.G. LONG
*Director*

Strikingly, Appellant has never disputed New Jersey's legal rule, and she has essentially conceded that she had the ability to "immediately convert" the check to cash. *See* OA Tr. 17:23-17:38 (agreeing with Court that this is not a dispute about form of payment); OA Tr. 18:00-19:17 (suggesting that "the plaintiffs' entitlement … [or] ownership … to the property that is disputed" is "not at issue"). Even in the latest filing, Appellant says nothing to the contrary. In other words, the premise of *Hoekman*—that a check is not equivalent to cash—is inapposite here.

Finally, *Hoekman* also has no bearing on this case because it was a class action. While class claims may remain live even if the same claims brought by an individual plaintiff would be moot, *Richardson v. Bledsoe*, 829 F.3d 273 (3d Cir. 2016), Lutter has no personal case or controversy in the hypothetical claims of others. *See* N.J. Br. 28-33.

Respectfully submitted,

MATTHEW J. PLATKIN
ACTING ATTORNEY GENERAL OF
 NEW JERSEY

By: /s/ Angela Cai
Angela Cai
Deputy Solicitor General

cc: All counsel (via ECF)

Word Count: 348