

Law Offices
# Kroll, Heineman, Ptasiewicz & Parsons 

Metro Corporate Campus I, 99 Wood Avenue South, Suite 307, Iselin, NJ 08830     www.krollfirm.com
Tel: 732-491-2100
Fax: 732-491-2120

Seth Ptasiewicz, Esq.
sptasiewicz@krollfirm.com

August 2, 2022

**VIA ELECTRONIC FILING**
Patricia S. Dodszuweit, Clerk
US Court of Appeals for the Third Circuit
601 Market Street
Philadelphia, PA 19106

     Re:     *Lutter v. JNESO*
              Docket No. 21-2205

Dear Ms. Dodszuweit:

     This Law Firm is counsel to Defendant-Appellee JNESO District Council 1, IUOE, AFL-CIO ("JNESO") in connection with the above-captioned appellate matter. We join in the letter submitted by counsel to the State of New Jersey as pertains to why the Eighth Circuit's decision in *Hoekman v. Educ. Minn.*, 21-1366, 2022 U.S. App. LEXIS 20355 (8th Cir. Jul 25, 2022) should not be relied upon in the instant matter.

     We also note that omitted from Appellant's letter to the Court is the other portion of the Eighth Circuit's decision which renders Appellant's claim untenable. The Eighth Circuit ruled that "[t]he unions [representing public employees] are private actors," and their members "joined their unions and paid membership dues [....] according to a private agreement." *Hoekman* at \*10-\*11. Because "the unions' right to collect these dues [...] is not state authority," but rather "the private agreement between the unions and the employees," the Eight Circuit determined that "it is the terms of the employee's union membership, not any state action, that create the employee's

Date Filed: 08/01/2022    Page: 1    Document: 67    Case: 21-2205

obligation to pay and the union's right to collect" those dues. *Id.* Accordingly, because "[t]he harm allegedly suffered" by the members in *Hoekman* was "attributable to private decisions and policies, not to the exercise of any state-created right or privilege," the plaintiffs could not show that the unions "violated their constitutional rights" and affirmed the trial court's grant of summary judgment to the unions. *Id.*

That same principle applies here as well. Ms. Lutter voluntarily joined JNESO and voluntarily agreed to pay union dues. Ms. Lutter resigned her JNESO membership and demanded that dues deductions be terminated. JNESO's receipt of Ms. Lutter's voluntarily-deducted dues funds does not constitute a state action. Rather, it was the result of Ms. Lutter's private decision to enter into a private membership agreement with JNESO, a private organization. Absent any state action on JNESO's part, Ms. Lutter has no viable constitutional claim against JNESO, and her Second Amended Complaint were properly dismissed with prejudice by the District Court whose decision should be affirmed.

Respectfully submitted,

*/s Seth Ptasiewicz*

Seth Ptasiewicz.

SP:PS

Word Count: 339

Cc; Counsel of Records (via Electronic Case Filing)